# The Attorney General
## of Texas



JOHN L. HILL
ATTORNEY GENERAL

April 26, 1974

The Honorable Clayton T. Garrison
Executive Director
Parks & Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H-285

Re: In the event that a
commercial bay or bait
shrimp boat is transferred
from one individual or firm
to another must the license
stay with the boat of issu-
ance, or would the license be
cancelled if the boat owner
should sell his shrimp boat
to another individual?

Dear Mr. Garrison:

Article 4075b, Vernon's Texas Civil Statutes, the Texas Shrimp
Conservation Act, calls for the licensing of shrimp boats. Section 5(a)
makes it unlawful to use any commercial bay shrimp boat "without the
owner thereof having first procured a license" and § 5(c) makes similar
provision for commercial bait-shrimp boats.

Your question to us is:

> "In the event that a commercial bay or bait shrimp
> boat is transferred from one individual or firm to
> another, must the license stay with the boat of issu-
> ance, or would the license be canceled if the boat
> owner should sell his shrimp boat to another individual?"

Your question is prompted by two apparently contradictory provisions
of the Act. In determining the meaning of these statutes and the answer to
your question, it is necessary that we look to the apparent interest of the
Legislature in adopting these provisions. 53 Tex. Jur. 2d, Statutes, § 125,
p. 180. One of the cardinal rules of construction is that we look to the statute
as a whole so as to give effect to the entire act. 53 Tex. Jur. 2d, Statutes,
§ 160, p. 229.

There are numerous provisions of the statute which would indicate that it is the boat that is to be licensed. Others indicate that it is the owner and not the boat. A reading of all these provisions does not make the answer to your question clear. The strongest indication that it is the owner who is licensed lies in the provision of § 5(b) that a Bay Shrimp Boat License shall be issued only to persons who have filed affidavits that they will maintain adequate facilities to conduct such business and that they intend to derive the major portion of their livelihood from commercial shrimp fishery. Surely this is strong evidence that the license is personal to the applicant and should not be transferred with a transfer of ownership of the boat.

But, § 5(d) provides:

> " . . . Not more than one Commercial Bay Shrimp Boat License and not more than one Commercial Bait-Shrimp Boat License shall be issued per licensing year for each boat. "

This language certainly could be interpreted to provide that the license stays with the boat, even if ownership is transferred. However, in order to reconcile the various provisions of the Act, we construe §5(d) to mean that not more than one license of each type can be issued to one owner for one boat and that, if for some violation a license is cancelled, no new license may be issued to that owner on that boat during that license year. However, a new owner acquiring the boat could be issued a new license.

With this interpretation, it seems to us that the most reasonable construction of Article 4075b, V. T. C.S ., although surely not the only possible one, is that the licenses called for by the Article are personal to the owner and should be canceled if the boat is transferred to a new owner.

## SUMMARY

Commercial bay or bait boat licenses issued under the Texas Shrimp Conservation Act are personal to the owners and should be canceled upon a transfer of ownership of the boat.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee